O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-03103 AHM (Rzx) | Date | May 4, 2011 |
|---|---|---|---|
| Title | LUMINITA ROMAN v. BRE PROPERTIES, INC. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:** IN CHAMBERS (No Proceedings Held)

On May 20, 2010, Plaintiff Luminita Roman ("Plaintiff") filed an action in state court against Defendant BRE Properties, Inc. ("BRE") and Does 1-100. On January 27, 2011, Plaintiff named Defendant Level One, LLC ("Level One") to this case by way of Doe Amendment. NOR ¶ 3; RJN Exh. C. Defendant Level One, LLC ("Level One") filed a notice of removal ("NOR") on April 12, 2011. Dkt. 1. Level One alleges this removal is timely because it was served with the complaint on March 14, 2011. NOR ¶¶ 3, 6. However, the NOR does not show the Court that Defendant BRE joined in the NOR. It also does not indicate whether BRE was served in the state court action.

Even in the absence of an objection, a federal court must determine its own jurisdiction. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339 (9th Cir. 1996). Furthermore, the removal statute is strictly construed against removal and the burden of establishing jurisdiction rests on the party invoking the statute — here the removing Defendants. *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

Usually, all defendants in the state action must join in the notice of removal. *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986). "One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009). However, the removal notice here is entirely silent as to whether Defendant BRE consents to removal.

An exception to the general rule that all defendants must join in removal is when a defendant has not yet been served in the state court action. *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984). Unserved defendants need not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-03103 AHM (Rzx) | Date | May 4, 2011 |
|---|---|---|---|
| Title | LUMINITA ROMAN v. BRE PROPERTIES, INC. | | |

join the notice of removal. *Id.*

    Here, the removing Defendant has failed to show that Defendant BRE has joined in removal or that it has not been served in the state action. The removing Defendant Level One is therefore ORDERED to SHOW CAUSE in writing by not later than May 16, 2011 why this case should not be remanded due the lack of consent by all named defendants. Failure to respond on or before that date will be construed as consent to remand.

|  | : |
|---|---|
| Initials of Preparer | SMO |